[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13976

Non-Argument Calendar

_____

KENNETH G. LEWIS,

                                        Plaintiff-Appellant,

*versus*

UNION HOME MORTGAGE CORP.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00728-PGB-DAB

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kenneth G. Lewis appeals the district court order granting summary judgment to his prospective employer, Defendant-Appellee Union Home Mortgage Corporation (Union Home), in an employment discrimination action under the Americans with Disabilities Act, 42 U.S.C. § 12112(a) (ADA) and the Florida Civil Rights Act, Fla Stat. § 760.10(1)(a) (FCRA). After careful review, we affirm.

## I.    Background

In December 2016, Lewis suffered an ischemic stroke that left him partially disabled and unable to work for over two years. Prior to his stroke, he worked as a licensed mortgage loan officer for approximately twenty years. Following his recovery, from March to September 2019, Lewis worked as a loan officer for Carrington Mortgage Services (CMS). In January 2020, Lewis applied for a loan officer position at Union Home. He was not hired for the position, and Union Home cited Lewis's inability to self-source business as grounds for its decision. Because Union Home employees are paid on commission, not salary, the company requires loan officers to establish and maintain their own client relationships.

Lewis subsequently filed a Charge of Discrimination against Union Home with the Equal Employment Opportunity Commission and the Florida Commission of Human Relations. In 2021, he sued Union Home, alleging violations of the ADA and FCRA. His

22-13976                Opinion of the Court                3

complaint alleged that Union Home discriminated against him because of his disability, and that its explanation for not hiring him was a pretext for discrimination.

Union Home moved for summary judgment, arguing that Lewis failed to establish that he was qualified for the position. Through discovery, Union Home obtained Lewis's income documents from 2019, which showed that he closed only two loans during his six-month employment with CMS. Union Home requires their loan officers to close three loans per month. Union Home also argued that while Lewis was employed by CMS, he did not request accommodations, nor did he contend that his low production was a result of his disability. Moreover, *after* Union Home declined to hire him, Lewis worked for another mortgage servicer and closed only three loans in six months. Additionally, Union Home argued that even if Lewis had established he was qualified for the role, he failed to show that Union Home declined to hire him *because* of his disability.

The district court found that no reasonable jury could have concluded that Lewis was qualified or that discrimination was the reason that Union Home did not hire him, and therefore granted summary judgment for Union Home without considering pretext. Lewis timely appealed.

## II.    Discussion

This court reviews a district court's grant of summary judgment de novo, "viewing all evidence and drawing all reasonable factual inferences in favor of the nonmoving party." *Lewis v. Union*

*City*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012)). This court affirms a grant of summary judgment only if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The ADA prohibits covered private employers from "discriminat[ing] against a qualified individual on the basis of [his] disability." 42 U.S.C. § 12112(a). Claims brought under the FCRA are analyzed under the same framework as claims brought under the ADA. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000). Under the ADA framework, a plaintiff must make out a prima facie case of discrimination. If the plaintiff is successful, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action, and the plaintiff must then demonstrate that the employer's proffered reason was a pretext for discrimination. *Lewis*, 934 F.3d at 1179; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–07 (1973).

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he: "(1) is disabled, (2) is a qualified individual, (3) and was discriminated against because of [his] disability." *Lewis*, 934 F.3d at 1179. It is undisputed that Lewis is disabled. We begin our analysis, then, by considering whether Lewis was "qualified" for the role to which he applied.

## A. Qualified

A qualified individual is one who "with or without reasonable accommodation, can perform the essential functions of the

employment position that such individual holds or desires." *Lewis*, 934 F.3d at 1182 (quoting 42 U.S.C. § 12111(8)). Essential functions include "the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1). Whether a function is essential "is evaluated on a case-by-case basis," and factors to consider include: (1) the employer's judgment regarding which functions are essential; (2) the posted job descriptions; (3) the time spent on the job performing the function; (4) the consequences of not performing the function; (5) the terms of a collective bargaining agreement; (6) the work experience of past employees; and (7) the current work experience of employees in similar jobs. *Lewis*, 934 F.3d at 1182 (quoting *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1230 (11th Cir. 2005)); *see also* 20 C.F.R. § 1630.2(n)(3). No matter how mistaken an employer may be, this court's "inquiry is limited to whether an employer gave an honest explanation of its behavior." *Elrod v. Sears*, 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988)).

Viewing all facts in a light most favorable to Lewis, we find that Lewis did not establish that he was qualified to serve as a Union Home loan officer. Union Home has demonstrated, through the qualifications and output of their workforce, that self-sourcing business is a key qualification for loan officer candidates. Lewis's employment history—as well as his performance after being rejected from Union Home—indicate that there is no genuine issue as to his inability to perform essential job functions.

### B. Causation

Even if Lewis could meet the second prong of the prima facie test, he fails to meet the element of causation and thus cannot show a prime facie case of discrimination. A plaintiff can prove that an employer treated an individual outside of his protected class more favorably by showing that he and a comparator were "similarly situated in all material respects." *Lewis v. City of Union City*, 918 F.3d 1213, 1229 (11th Cir. 2019) (en banc). Generally, a "similarly situated" comparator will have "engaged in the same basic conduct (or misconduct) as the plaintiff," "been subject to the same employment policy," "will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor," and "will share the plaintiff's employment or disciplinary history." *Id.* at 1227–28.

We find persuasive United Home's argument that, even if Lewis had established he was qualified, he failed to show that United Home declined to hire him because of his disability. Lewis failed to identify similarly situated comparators, as his alleged comparators were hired for different positions, by different regional managers, and demonstrated an ability to self-source business.

Thus, Lewis failed to establish a prima facie case of disability discrimination.[1]

---

[1] Because Lewis failed to demonstrate a prime facie case of disability discrimination, we do not need to address the pretext arguments.

22-13976                Opinion of the Court                7

### III.    Conclusion

For the reasons given above, the district court did not err in granting summary judgment to Union Home.

**AFFIRMED.**